UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY MASTERS,

        Plaintiff,

v.   **DECISION AND ORDER TO SHOW CAUSE**
      13-CV-694S

ERIE INSURANCE CO. and
ERIE INSURANCE CO. OF NEW YORK,

        Defendants.

    1.    According to his amended complaint, Jeffrey Masters was injured in a car accident on July 7, 2010 while operating a vehicle in the course of his employment. On June 12, 2013, he brought a claim in state court seeking recovery of so-called "supplemental underinsurance" benefits from his employer's insurer, Erie Insurance Co. ("Erie"). Soon thereafter, Erie, invoking this Court's diversity jurisdiction, removed the case to this Court. As the parties were then constituted, that removal was proper – the parties were completely diverse (Erie is deemed a citizen of Pennsylvania and Masters is a citizen of New York) and the amount in controversy exceeded $75,000. But the propriety of that removal arguably changed when Masters filed an amended complaint, naming both Erie and Erie Insurance Co. of New York ("Erie of New York"). This prompted the two related motions that are currently pending before this Court: Erie of New York's motion to dismiss and Masters' motion for remand.

    Erie of New York contends that Masters cannot state a valid claim against it and that it should be dismissed from the case. Masters disagrees; he contends that both Erie and Erie of New York would be liable if he were to prevail in this matter. And, because there is

no dispute that if Erie of New York were a legitimate party it would destroy complete diversity (and thus this Court's ability to hear the case), Masters moves for remand.

2.  A civil action brought in state court may be removed by a defendant to a federal district court of original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions arising under the Constitution, treaties, or laws of the United States, and over all civil actions between citizens of different states, if the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a)(1). The Supreme Court has "read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005). "If  after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

3.  As noted, at the time of removal, all the parties were diverse. It was not until Masters amended his complaint on July 16, 2013 under Federal Rule of Civil Procedure 15(a) that there arose some dispute over this Court's jurisdiction. Although Masters filed his amended complaint – adding defendant Erie of New York – "as a matter of course," there is a "tension between [28 U.S.C.] § 1447(e), which grants the court discretion to deny an amendment when plaintiff 'seeks to join' defendants who would divest the Court of subject matter jurisdiction and require a remand, and Rule 15, which allows plaintiffs to amend without the court's leave." McGee v. State Farm Mut. Auto. Ins. Co., 684 F. Supp. 2d 258, 261 (E.D.N.Y. 2009). This issue is not addressed by the parties. But it is addressed by the McGee court, and it concluded, along with "every federal court that has considered

the issue," that "the discretionary decision called for by § 1447(e) is appropriate even when plaintiff has amended as a matter of course under Rule 15(a)." Id. (collecting cases). This Court's research reveals that, although the Second Circuit has not considered the issue, district courts within the circuit in the wake of McGee have concluded likewise. See Hosein v. CDL W. 45th St., LLC, No. 12 CIV. 06903 LGS, 2013 WL 4780051, at *3–*4. (S.D.N.Y. June 12, 2013); Vanderzalm v. Sechrist Indus., Inc., 875 F. Supp. 2d 179, 183 (E.D.N.Y. 2012) (motion to remand based on an amended complaint that added non-diverse parties is "properly construed as a motion pursuant to § 1447(e)"). This court finds no reason to depart from these reasoned decisions, and indeed, they align with the "guiding principle that the propriety of removal is to be determined by the pleadings at the time of removal." See Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 368 (S.D.N.Y. 2006) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S. Ct. 347, 83 L .Ed. 334 (1939)). Accordingly, the relevant question becomes whether Erie of New York was properly joined under § 1447(e).

      4.      "Joinder is appropriate under § 1447(e) only when the new parties are proper under Rule 20(a) of the Federal Rules of Civil Procedure." Hosein, 2013 WL 4780051 at *4 (citing Vanderzalm, 875 F. Supp. 2d at 183). In turn, Rule 20 permits joinder of multiple defendants in one action:

> if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A)-(B). If these standards are met, "the decision whether to admit [] new parties remains "within the sound discretion of the trial court." Hosein, 2013 WL

4780051 at *4 (citing Briarpatch Ltd., L.P. v. Pate, 81 F . Supp. 2d 509, 515 (S.D.N.Y. 2000)). To that end, "district courts consider whether joinder and remand under Section 1447(e) would 'comport with principles of fundamental fairness.'" Id. (quoting Deutchman v. Express Scripts, Inc., No. 07 Civ. 3539, 2008 WL 3538593, at *3 (E.D.N.Y. Aug. 11, 2008). And, in making that determination, they consider four factors: (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment. Id. (citing Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003)).

5.	Because neither party addressed § 1447(e), neither party considered those factors. Accordingly, this Court will provide them an opportunity to do so.  In fact, to clarify the docket, both the motion to dismiss and the motion to remand will be denied without prejudice. And Masters, if he wishes to pursue a claim against Erie of New York, is directed to show cause as to why Erie of New York should be not be removed under Federal Rule of Civil Procedure 21, which allows a court to add or drop a party "on its own." If filed, Masters' response to this directive ought to apply the four factors identified above. The parties should feel free, however, to incorporate by reference any other arguments made in the original motions.

****

IT HEREBY IS ORDERED, that Erie of New York's motion to dismiss (Docket No. 11) is DENIED without prejudice.

FURTHER, that Plaintiff's motion to remand (Docket No. 16) is DENIED without prejudice.

FURTHER, that Plaintiff is DIRECTED to show cause as to why Erie of New York

4

should not be dismissed as a party. His response to this directive shall be filed no later than February 28, 2014. Defendants' response is due March 10, 2014, and any reply is due March 17, 2014.

Dated: February 13, 2014
       Buffalo, New York

                                                     /s/William M. Skretny
                                                 WILLIAM M. SKRETNY
                                                      Chief Judge
                                       United States District Court