UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY MASTERS,

        Plaintiff,

      v.                                      **DECISION AND ORDER**
                                                    13-CV-694S

ERIE INSURANCE CO. and
ERIE INSURANCE CO. OF NEW YORK,

        Defendants.

        1.      On February 13, 2014 this Court ordered Plaintiff, Jeffrey Masters, to show cause why Erie Insurance Company of New York should not be dismissed as a party.[1] This Court will presume familiarity with that Order. For the following reasons, this Court finds that Masters has provided such cause, and accordingly, it directs the matter to be remanded to state court.

        2.      By way of background, according to his amended complaint Jeffrey Masters was injured in a car accident on July 7, 2010 while operating a vehicle in the course of his employment. On June 12, 2013, he brought a claim in state court seeking recovery of "supplemental underinsurance" benefits from the entity he believed to be his employer's insurer, Erie Insurance. Soon thereafter, Erie Insurance Company answered and, invoking this Court's diversity jurisdiction, see 28 U.S.C. §1332(a)(1), removed the case to this Court. After removal, Masters filed an amended complaint, naming both Erie Insurance Company and Erie Insurance Company of New York as defendants. For the purposes of corporate citizenship, Erie Insurance Company is a Pennsylvania corporation and Erie

---

[1] The decision was entered on the docket the next day.

Insurance of New York is a New York corporation. Because Masters is a citizen of New York, complete diversity existed under the original, but not the amended complaint.

3. In its February 13, 2014 Order, this Court found that "[a]lthough Masters filed his amended complaint – adding defendant Erie of New York – 'as a matter of course,' there is a 'tension between 28 U.S.C. § 1447(e), which grants the court discretion to deny an amendment when plaintiff 'seeks to join' defendants who would divest the Court of subject matter jurisdiction and require a remand, and Rule 15, which allows plaintiffs to amend without the court's leave.'"[2] See February 13, 2014 Decision and Order to Show Cause, ¶ 3 (quoting McGee v. State Farm Mut. Auto. Ins. Co., 684 F. Supp. 2d 258, 261 (E.D.N.Y. 2009) (modifications omitted)). This Court further highlighted the McGee court's finding, that "every federal court that has considered the issue," has determined that the "the discretionary decision called for by § 1447(e) is appropriate *even when plaintiff has amended as a matter of course under Rule 15(a)*." Id. (emphasis added). Because neither party addressed § 1447(e), this Court allowed supplemental briefing on that topic. That briefing concluded on March 17, 2014, at which time this Court took the matter under consideration.

4. Although Masters was unable to locate a case that reached a different conclusion, he nonetheless took the opportunity for further briefing as an invitation to question this Court's previous decision. He points out that "Rule 15 of the Federal Rules of Civil Procedure was amended substantively effective December 1, 2009, reasserting a litigant's right to amend without leave" – suggesting, apparently, that this Court was

---

[2] Twenty-eight U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

2

unaware of, or overlooked that change, and that the change is crucial to the outcome of this case.

5. Neither suggestion is true. Though Masters is correct that the rule change, which permits a plaintiff to amend his complaint as a matter of course even after a responsive pleading has been filed (previously, the right to amend once as a matter of course was terminated by service of a responsive pleading), occurred some two weeks after McGee was decided, the McGee court's rationale did not hinge on the principle overturned by the amendment. Rather, the plaintiff in McGee, *just like Masters*, amended his complaint "as a matter of course" after the case had been removed to federal court. The change in the rule was irrelevant because the defendant there had not yet filed a responsive pleading, a critical fact that Masters apparently failed to notice. Thus, the rule change – which, again, changed the ability of a plaintiff to amend his complaint *after a responsive pleading has been filed* – would not have affected the McGee court's rationale. And thus, it does not affect this Court's reliance on the McGee court's conclusion.

6. Continuing to overlook the relevant issue, Masters then goes on to argue that "McGee Was Not the Rule in the Second Circuit Even Before the Rules Change" (title case in original). For this proposition, he cites Pepsico, Inc., which holds, unremarkably, that parties added before removal ought to be considered in the diversity analysis. Pepsico, Inc. v. Wendy's International, Inc., 118 F.R.D. 38, 44 (S.D.N.Y. 1987) ("[P]laintiffs contend there was no diversity at the time of removal because . . . prior to removal, the complaint had been [improperly] amended to include two nondiverse plaintiffs."). That's not, and never was, the issue; the issue arises only after removal, and is properly framed as "the tension between 28 U.S.C. § 1447(e), which grants the court discretion to deny an amendment

3

when plaintiff 'seeks to join' defendants who would divest the Court of subject matter jurisdiction and require a remand, and Rule 15, which allows plaintiffs to amend without the court's leave."

7. Since Masters has failed to highlight any relevant authority that would overcome this Court's finding that "the discretionary decision called for by § 1447(e) is appropriate even when plaintiff has amended as a matter of course under Rule 15(a)," this Court will proceed with the § 1447(e) analysis.[3]

8. Although Masters urges this Court not to "address the matter within the framework of 28 U.S.C. § 1447(e) . . . following the Rule 15 amendment" that analysis, in the end, results in a finding in his favor.

9. "Joinder is appropriate under § 1447(e) only when the new parties are proper under Rule 20(a) of the Federal Rules of Civil Procedure." Hosein v. CDL W. 45th St., LLC, No. 12 CIV. 06903 LGS, 2013 WL 4780051, at *4 (S.D.N.Y. June 12, 2013) (citing Vanderzalm v. Sechrist Indus., Inc., 875 F. Supp. 2d 179, 183 (E.D.N.Y. 2012)). In turn, Rule 20 permits joinder of multiple defendants in one action:

---

[3] See, e.g., Dillard v. Albertson's, Inc., 226 F.3d 642 (5th Cir. 2000) (§ 1447(e) applies even when amendment would normally be allowed without leave); Mayes v. Rapoport, 198 F.3d 457, 462 n. 11 (4th Cir. 1999) ("[D]istrict court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court."); Lamb v. Chicago Title Ins. Co., No. C13-6063 RBL, 2014 WL 931533, at *2 (W.D. Wash. Mar. 10, 2014) ("Even if Plaintiffs had not already used their amendment as a matter of course, § 1447(e) controls over Rule 15(a)(1) when the two conflict."); Boyce v. CitiMortgage, Inc., No. SA-13-CV-832-XR, 2014 WL 241510, at *5 (W.D. Tex. Jan. 22, 2014) ("28 U.S.C. § 1447(e) allows the Court discretion to permit or deny joinder, even when a party may otherwise amend as a matter of course."); Cruz v. Bank of New York Mellon, No. 12-CV-00846-LHK, 2012 WL 2838957, at *3 (N.D. Cal. July 10, 2012); Bevels v. American States Ins. Co., 100 F. Supp .2d 1309, 1312–13 (M.D. Ala. 2000) (surveying cases in which § 1447(e) is held applicable despite amendment prior to responsive pleadings).

Conducting its own research, this Court has located a single outlier. See Wallace v. Dolgen Midwest, LLC, No 5:12CV2945, 2013 WL 557232, at *2 (N.D. Ohio Feb. 12, 2013). Given the volume and the persuasiveness of the authority disagreeing with Wallace, this Court declines to follow it.

> if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A)-(B). If these standards are met, "the decision whether to admit [] new parties remains "within the sound discretion of the trial court." Hosein, 2013 WL 4780051 at *4 (citing Briarpatch Ltd., L.P. v. Pate, 81 F . Supp. 2d 509, 515 (S.D.N.Y. 2000)). To that end, "district courts consider whether joinder and remand under Section 1447(e) would 'comport with principles of fundamental fairness.'" Id. (quoting Deutchman v. Express Scripts, Inc., No. 07 Civ. 3539, 2008 WL 3538593, at *3 (E.D.N.Y. Aug. 11, 2008). And, in making that determination, they consider four factors: (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment. Id. (citing Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003)).

10. As for the first of the § 1447 factors, there was very little delay in seeking joinder. Defendant Erie Insurance answered Masters' complaint in state court on June 28, 2013. It removed this action on July 1, 2013. Roughly two weeks later, Masters amended his complaint to add a non-diverse party. Erie Insurance concedes that this factor weighs in Masters' favor.

The remaining three factors also support Masters application for joinder. As the following discussion demonstrates: (1) the requirements of Rule 20 are satisfied, (2) there will be no undue prejudice to any party if Masters amends his complaint, (3) there is a likelihood of multiple litigation without it, and (4) it is clear that Masters did not seek a tactical advantage by naming Erie Insurance of New York after removal. Rather, the

additional party sprung from an understandable confusion about Erie Insurance's corporate structure.

11.     In its motion to dismiss (which this Court denied as moot in light of the order to show cause), Erie Insurance argued that Erie of New York was an improper party. It argued that the "declarations" page of the relevant policy provides that "the policy is issued by Erie Insurance Company" and that "the letterhead on the declarations page and the 'Commercial Auto Insurance Policy' informational booklet contain an address of 100 Erie Insurance Place, Erie, Pennsylvania." (Defs.' Br. at 2–3; Docket No. 18.) Erie Insurance further noted that "Erie Insurance Company of New York is not listed anywhere in these documents, nor is any New York address provided." (Id., at 2.)

Erie Insurance also relied on the affidavit of Susan Stefano-Rudd, a "commercial lines underwriter" for Erie. She attested to Erie of New York's lack of involvement in the policy. She testified, "Erie Insurance Company of New York has no involvement with the insurance policy applicable to the plaintiff. Erie Insurance Company of New York is not the underwriter of the policy[,] nor is Erie Insurance Company of New York involved in handling claims with regard to this insurance policy." (Stefano-Rudd Aff., ¶ 5; Docket No. 11-2.)

Both of these pieces of evidence, Erie argued, established that Erie of New York was not involved – in any fashion – with the policy at issue here. If true, that would weigh against Masters' application for joinder.

But Erie's claims in this regard are undermined by its own actions. In fact, Erie of New York – not the Erie entity based in Pennsylvania – sent Masters claim-denial forms in connection with an application for so-called "No-Fault" benefits under the same policy at issue now. (See Denial Forms, attached as Exs. C, D, and E to Graff Aff; Docket

6

Nos.16-4 – 16-6.) These forms explicitly identify "Erie Insurance Company of New York" under the heading "Name of the Insurer." Id. Moreover, as Masters correctly notes, a letter from an Erie Insurance entity granting Masters permission to settle the underlying tort action (arising out of the July 7, 2010 accident) bears a Rochester, New York return address; identifies multiple Erie Insurance entities on the letterhead, including Erie of New York; is signed by an adjuster with a "716" area code; and contains no indication as to which Erie entity granted the permission. If anything, this letter suggests that it was sent from a New York entity. (See Settlement Permission Letter, attached as Ex. F to Graff Aff; Docket No.16-7.)  Defendants only answer to this evidence is that "[d]enial of No-Fault benefits are not at issue in this case." (Kawalec Aff. ¶ 10; Docket No. 18-1.) True, but that simple proposition does not begin to respond to the argument, supported by documentary evidence, that Erie of New York has been closely involved in the handling of claims related to this policy, and that it therefore may be directly involved in this case.

12.   Accordingly, this Court will not remove Erie Insurance Company of New York; rather, it will permit Masters to add the company as a defendant, thus rendering the amended complaint, filed here on July 16, 2013, the operative pleading. Because there is no dispute that Erie Insurance Company of New York's presence in the case destroys complete diversity, this action must be remanded to state court. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005) (diversity jurisdiction exists only when there is "complete diversity between all plaintiffs and all defendants"); 28 U.S.C. § 1447(e) (if the court permits joinder, it must "remand the action to the State Court").

\*\*\*\*

IT HEREBY IS ORDERED, that this case is REMANDED to the State of New York Supreme Court, County of Niagara.

FURTHER, that for this Court's purposes, the Clerk of Court shall close this case.

Dated: March 31, 2014
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
